## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GRACE D. JOHNSON,**

    **Plaintiff,**

v.                                                          Case No.:

**FAMILY DOLLAR STORES
OF FLORIDA, LLC,**

    **Defendant.**

_____/

## **NOTICE OF REMOVAL**

Please take notice that in accordance with 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC, by and through the undersigned counsel, hereby removes to this Court the following action, currently pending in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida: *Grace D. Johnson v. Family Dollar Stores of Florida, LLC*, Case No. 16-CA-011074. As grounds for removal of this action, Defendant states as follows:

    1.    On or about December 3, 2016, Plaintiff Grace D. Johnson filed a Complaint and Demand for Jury Trial against Defendant in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. In accordance with 28 U.S.C. § 1446(a), a copy of the entire state court file is attached hereto as Exhibit A.

    2.    The above-styled action arises from an alleged accident that occurred on February 21, 2016 in Hillsborough County, Florida. Specifically, Plaintiff alleges that she slipped on a liquid substance on the floor and fell at the Family Dollar Store located at 7863

Palm River Road in Tampa, Florida. Plaintiff is now suing Defendant for negligence, claiming that she suffered "bodily injury and resulting pain and suffering, impairment, disability, inconvenience, aggravation of physical disease or defect, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. Plaintiff further claims that her injuries are permanent to a reasonable degree of medical probability, and that she will continue to suffer all of the afore-mentioned losses in the future. [Comp. ¶ 13].

3. This Court has original jurisdiction over the above-styled action under 28 U.S.C. 1441(a).

4. Removal of the above-styled action is proper under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

5. Plaintiff served Defendant with her Complaint on December 16, 2016.

6. Since fewer than thirty (30) days have passed since this date of service, this Notice of Removal is timely filed under 28 U.S.C. 1446(b).

7. In accordance with 28 U.S.C. § 1446(d), Defendant served Plaintiff with a Notice of Filing of Notice of Removal, filed contemporaneously in the Circuit Court for Hillsborough County, Case No. 16-CA-011074. A copy of this Notice of Filing is attached hereto as Exhibit B.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

8. In order to determine diversity jurisdiction, this Court must examine the "totality of the evidence." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

9. Plaintiff is a resident of Hillsborough County, Florida. [Comp. ¶ 2].

10. "There is a presumption that the state in which a person resides is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355 (M.D. Fla. 2001). Furthermore, a party's domicile determines her citizenship for the purpose of establishing diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Since Plaintiff is a resident of Hillsborough County, Florida, there is a presumption that she is also a citizen of Florida.

11. Plaintiff alleges that Defendant owns and operates the Family Dollar store located at 7863 Palm River Road in Tampa, Florida.

12. Family Dollar Stores of Florida, LLC is a Virginia Limited Liability Company whose headquarters are located in Virginia. A copy of the current registration page for this entity with the Florida Secretary of State is attached hereto as Exhibit C.

13. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

14. Family Dollar Stores of Florida, LLC only has one member, Family Dollar Stores, Inc. A copy of the Written Consent demonstrating this membership is attached hereto as Exhibit D.

15. Under 28 U.S.C. § 1332 (c)(1), a corporation is a citizen of the state in which it is incorporated. It is also a citizen of the state in which its principal place of business is located.

16. Family Dollar Stores, Inc. is a Delaware corporation whose principal place of business is in Virginia. Consequently, for purposes of diversity jurisdiction, Family Dollar Stores, Inc. is a citizen of the States of Delaware and of Virginia. A copy of the proof of incorporation for Family Dollar Stores, Inc. is attached hereto as Exhibit E.

17. For all of the foregoing reasons, Plaintiff is a citizen of Florida, and the Defendant in this action—Family Dollar Stores of Florida, LLC—is a citizen of Delaware and Virginia. Thus, complete diversity of citizenship exists between the parties.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18. In her Complaint, Plaintiff claims that her damages exceed $15,000, exclusive of attorney's fees and court costs. [Comp. ¶ 1].

19. Under Fla. Stat. §§ 34.01(1)(c) and 26.012(2)(a), Florida Circuit Courts have original jurisdiction of civil actions not cognizable in the County Courts, to wit, actions in which claimed damages exceed $15,000. Thus, Plaintiff's single assertion identifying her damages as exceeding $15,000 in value is purely jurisdictional in nature.

20. While Plaintiff does not plead the amount of damages that she is seeking with specificity, she claims that she suffered "bodily injury and resulting pain and suffering, impairment, disability, inconvenience, aggravation of physical disease or defect, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money." [Comp. ¶ 13].

21. Plaintiff also claims that her injuries are permanent, so that she will suffer these same losses in the future. [Comp. ¶ 13].

22. When damages are not specified in the original state court Complaint, a defendant seeking removal must prove, by a preponderance of the evidence, that "the amount of controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)(citations omitted).

23. However, a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

24. In determining the amount in controversy, this Court should first look to the Complaint. If the amount of damages cannot be ascertained from the face of the Complaint, this Court may consider the Notice of Removal, along with all other "evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

25. In determining whether diversity jurisdiction exists, this Court may consider pre-suit settlement offers and demands in evaluating whether a case has been properly removed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007); *accord Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (concluding that settlement letter which was "not plainly a sham" could be considered in determining that the amount in controversy requirement was met.).

26. "A settlement offer, by itself, may not be determinative, [but] it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

27. In addition to considering settlement offers, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" based on the allegations of the parties and any other evidence that has been submitted. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

28. In particular, this Court may consider trial verdicts or settlements in cases alleging similar injuries to those claimed by Plaintiff in the instant case. *See Payne v. J.B. Hunt Transport, Inc.*, 154 F. Supp. 3d 1310, 1314 (Fla. M.D. 2016) (relying on trial verdicts and settlements from cases alleging similar injuries to find that more likely than not, the amount in controversy requirement was met); *see also Mullaney v. Endogastric Solutions, Inc.*, No. 11-62056-civ, 2011 U.S. Dist. LEXIS 120918 (S.D. Fla. Oct. 19, 2011).

29. This Court need not "suspend reality or shelve common sense in determining whether the face of the Complaint . . . establishes the jurisdictional amount." As the Eleventh Circuit has explained, "viewing the facts through the lens of common sense is not star gazing." *Id.* at 770.

30. Furthermore, Plaintiff cannot attempt to defeat federal jurisdiction by drafting her pleadings in so vague a manner that her Complaint fails to give any indication of the value of her claims. Otherwise, plaintiffs skilled in this form of artful pleading could, with this trick, simply make federal jurisdiction disappear. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d at 1064 (11th Cir. 2010).

31.     As the Eleventh Circuit has instructed, "[w]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claims is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Id.*

32.     On September 29, 2016, Plaintiff made a pre-suit written settlement demand of **$150,000** to Family Dollar Stores of Florida, LLC for the personal injury claim that is the subject of this lawsuit. A copy of this initial demand letter is attached hereto as Exhibit F.

33.     In this pre-suit demand letter, Plaintiff alleged that she had incurred **twenty-four thousand one hundred and fifty-four Dollars and ten cents ($ 24,154.10) in medical bills through July 19, 2016**. *See* Exhibit F, p. 3.

34.     With this pre-suit demand letter, Plaintiff enclosed a copy of a report prepared by Dr. Fishman to document the results of a neurosurgical consultation conducted on April 8, 2016. A copy of this consultation report is attached hereto as Exhibit G.

35.     Within this consultation report, Dr. McGraw listed the following preoperative diagnoses for Plaintiff:

      a.  Large disc herniations at the C3-C4, C4-C5, C5-C6, and C6-C7 vertebral levels;

      b.  Large central disc herniation at the L4-L5 vertebral level.

    *See* Exhibit G.

36.     Within this consultation report, Dr. McGraw made the following surgical recommendations for Plaintiff:

    c. Four-level anterior cervical disc fusion (ACDF);

    d. Two-level transforaminal lumbar interbody fusion (TLIF).

*See* Exhibit G.

37. Trial verdicts or settlements in cases alleging cervical disc herniations and lumbar disc herniations that ultimately required treatment similar to that recommended to the Plaintiff in the instant case have routinely exceeded $75,000. Four representative jury verdicts are attached hereto as Exhibit H.

38. The cases corresponding to these attached jury verdicts involve substantially similar injuries to those claimed in the instant case, and as such, constitute evidence sufficient to establish the amount in controversy in the instant case. *See* Exhibit H.

39. On December 3, 2016, Plaintiff filed her Complaint, seeking past and future damages for pain and suffering, past and future lost wages, and damages for diminished earning capacity *in addition* to the medical expenses that she already incurred.

40. Based on all of these factors—the damages allegations made in the Complaint, combined with the pre-suit demand letter that estimated Plaintiff's personal injury claim to be worth $150,000 and the attached jury verdicts in cases involving substantially similar injuries as those claimed by Plaintiff in the instant case—the amount in controversy in this case more likely than not exceeds $75,000.

## CONCLUSION

Removal is proper, because the above-styled action falls within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1). Defendant has met its burden in establishing, by a preponderance of the evidence, that complete diversity of citizenship exists between the

parties and that the amount in controversy exceeds $75,000. Moreover, venue is proper in the United State District Court for the Middle District of Florida, because Plaintiff filed her original Complaint in the Florida Circuit Court in and for Hillsborough County, Florida. Finally, Family Dollar Stores of Florida, LLC has timely filed this Notice and has otherwise met all procedural requirements for removal. For all of the foregoing reasons, Family Dollar Stores of Florida, LLC respectfully requests that this Court accept jurisdiction over the above-styled action under 28 U.S.C. § 1332 and conduct all further proceedings in this case.

Dated this 5th Day of January, 2017.

Respectfully submitted,

s/ Elisabeth A Fontugne
DANIEL A. SHAPIRO
Florida Bar No.:  965960
ELISABETH A FONTUGNE
Florida Bar No.:  115954
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Family Dollar Stores of Florida, LLC*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9382
Facsimile (813) 286-2900
Primary e-mail: rhonda.beesing@csklegal.com
Secondary e-mail: elisabeth.fontugne@csklegal.com
Alternate e-mail:  laura.campbell@csklegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of January, 2017, I filed a true and correct copy of the foregoing document with the Clerk of Court. I also certify that a true and accurate copy of the foregoing document has been furnished via e-mail to Counsel of record for Plaintiff, Mr. Zachary Leacox, Esq., of McBride, Scicchitano & Leacox, P.A., 800 N. Magnolia Avenue, Suite 1800, Orlando, FL 32803, (407) 650-1700 (T) /(407) 849-0448 (F), at zacharyefiling@williammcbride.com.

    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Family Dollar Stores of Florida, LLC*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9382
Facsimile (813) 286-2900
Primary e-mail: rhonda.beesing@csklegal.com
Secondary e-mail: elisabeth.fontugne@csklegal.com
Alternate e-mail:  laura.campbell@csklegal.com


By:   s/ Elisabeth A Fontugne
    DANIEL A. SHAPIRO
    Florida Bar No.:  965960
    ELISABETH A FONTUGNE
    Florida Bar No.:  115954